Dear Secretary Dardenne:
You have requested of this Office an Opinion to determine whether qualifying for four specific elected offices should be opened on July 9, 2008, if the legislation calling for those elections has not been precleared by the United States Department of Justice before July 9, 2008.
Specifically, you advise this office that House Bill 32 of the 2008 Regular Session provides that no special election or qualifying period for a special election shall be held to fill a vacancy in the office of Recorder of Mortgages for Orleans Parish occurring more than one year prior to the expiration of the term ending December 31, 2008, and any proclamation calling for a special election to fill the vacancy shall be null, void, and without effect.
You advise that a proclamation has been issued by the New Orleans City Council on December 17, 2007 calling a special election to fill the vacancy of Recorder of Mortgages and the special primary election is scheduled for October 4, 2008 and the special general election is scheduled for November 4, 2008 with qualifying set for July 9-11, 2008.
Additionally, you advise that House Bill No. 879 provides that there shall be one Justice of the Peace elected in Ward 3 of St. Tammany Parish and the second office of Justice of the Peace that has a temporary appointment to fill the vacancy shall be abolished effective January 1, 2009. *Page 2 
The bill also provides that no election shall be held to fill the vacancy in the office of Justice of the Peace for any term which begins on or after January 1, 2009. Presently, one of the offices of Justice of the Peace, Ward 3 of St. Tammany Parish has an appointee serving in the office to fill a vacancy and a special primary election is set for October 4, 2008 and a special general election is set for October 4, 2008 to fill the unexpired term that ends on December 31, 2008. The regularly scheduled primary election for the offices of the two Justices of the Peace, Ward 3 of St. Tammany Parish is scheduled for October 4, 2008 and the regularly scheduled general election is scheduled for November 4, 2008. Qualifying for the offices of Justice of the Peace, Ward 3 of St. Tammany Parish, including for the special primary election, is scheduled for July 9-11, 2008.
Finally, you inform this office that Senate Bill No. 91 created two additional district judgeships for the Twenty-Second Judicial District for the parishes of St. Tammany and Washington. For purposes of nomination and election, the judges will qualify in Divisions K and L respectively. The bill provides that the two individuals to be elected to the two additional judgeships shall be elected as provided by Article V, Section 22 of the Constitution of Louisiana and each shall serve a term which shall begin on January 1, 2009. The primary election for the two additional judgeships would be scheduled for October 4, 2008 and the general election would be scheduled for November 4, 2008. Qualifying for the two additional judgeships would be scheduled for July 9-11, 2008.
You are asking if qualifying should be opened on July 9, 2008 if the three aforementioned bills are not precleared by the United States Department of Justice before July 9, 2008.
The purpose of Section 5 of the Voting Rights Act of 1965, as amended, 42 U.S.C. § 1973c, is to prohibit the enforcement in any covered jurisdiction, such as Louisiana, of any voting qualification or prerequisite to voting, or standard, practice, or procedure with respect to voting different from that in force or effect on November 1, 1964 until either:
(1) A declaratory judgment is obtained from the U.S. District Court for the District of Columbia that such qualification, prerequisite, standard, practice, or procedure does not have the purpose and will not have the effect of denying or abridging the right to vote on account of race, color, or membership in a language minority group, or
(2) It has been submitted to the Attorney General and the Attorney General has interposed no objection within a 60-day period following submission. Statutes subject to preclearance requirements of 42 U.S.C. § 1973c are ineffective as laws until cleared by federal authorities. NAACP v. Hampton County Election Com.,105 S.Ct. 1128, 84 L.Ed.2d 124 (1985). *Page 3 
The courts have clearly expressed that Section 5 of the Voting Rights Act of 1965 applies to changes affecting the creation or abolition of an elective office. See, Bunton v. Patterson, decided with Allen v. State Board of Elections,393 U.S. 544, 89 S.Ct. 817, 22 L.Ed.2d 1 (1969); Lockhart v.United States,460 U.S. 125, 103 S.Ct. 998, 74 L.Ed.2d 863 (1983). And the courts have recognized that judicial elections are covered by the Voting Rights Act. See, Chisom v. Edwards,839 F.2d 1056 (5th Cir. 1988), Cert. den.,488 U.S. 955, 109 S.Ct. 390, 102 L.Ed.2d 37.
It has been and remains the opinion of this office that any change with respect to voting which is subject to Section 5 preclearance of the Voting Rights Act of 1965 is unenforceable unless and until it is precleared by the United States Department of Justice or a declaratory judgment is granted by the United States District Court for the District of Columbia. (See Attorney General Opinions, 94-402, 94-39 and 93-620)
Yours very truly,
JAMES D. "BUDDY"CALDWELL ATTORNEY GENERAL
By: __________________________ WILLIAM P. BRYAN, III Assistant Attorney General
JDC/WPB, III/sfj *Page 1